UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STONECRAFTERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08 C 6992 |
| FOXFIRE PRINTING AND PACKAGING, INC. | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

FREDERICK J. KAPALA, District Judge:

What started off as a dispute over the unauthorized use of a single sheet of paper from a fax machine has resulted, somewhat ironically, in the depletion of hundreds, if not thousands, of additional pieces of paper in furtherance of this litigation. It is with some hope of reducing the unnecessary state-law claims that often are brought in these "fax-blasting" cases that the court adds more pages to the burgeoning pile.

### I. BACKGROUND

Plaintiff, Stonecrafters, Inc., filed a three-count complaint against defendant, Foxfire Printing and Packaging, Inc., alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I), the common law tort of conversion (Count II), and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 (Count III). According to the allegations in the complaint, on or about October 9, 2008, defendant sent plaintiff a one-page fax advertisement without having received express invitation or permission to do so. Plaintiff

1

further alleges that it suffered damages as a result of the unwanted fax, including a loss of the paper and toner used to print the fax and a loss of its employees' time that was spent receiving, reviewing, and routing the fax. Plaintiff purports to bring its complaint as a class action, asserting that defendant faxed the same or similar advertisements to "forty or more persons."

Currently before the court is defendant's motion to dismiss Counts II and III of the complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion to dismiss is granted.

## II. ANALYSIS

### A. Count II – Conversion

In its motion to dismiss, defendant argues that Count II of plaintiff's complaint fails to state a claim for conversion because defendant never exercised dominion and control over the paper and toner used to print the fax advertisement. Defendant also argues that the de minimis nature of the injury alleged is insufficient to give rise to a claim for conversion.

Defendant's first argument lacks merit and does not warrant much discussion. The material alteration of a chattel can constitute conversion, even if the defendant never took actual possession of the chattel. See, e.g., Loman v. Freeman, 229 Ill. 2d 104, 127-28 (2008); Restatement (Second) of Torts § 226 ("One who intentionally destroys a chattel or so materially alters its physical condition as to change its identity or character is subject to liability for conversion to another who is in possession of the chattel or entitled to its immediate possession."). When defendant sent the alleged unsolicited fax advertisement to plaintiff, it intended that the fax would be printed, and therefore intended for plaintiff's paper and toner to be materially altered. See Am. States Ins. Co. v. Capital Assocs. of Jackson County, Inc., 392 F.3d 939, 943 (7th Cir. 2004) ("[A]ll senders know

exactly how faxes deplete recipients' consumables."). Thus, plaintiff's allegations technically are sufficient to state a claim for conversion (although the claim is limited to the loss of one piece of paper and an inconsequential amount of toner).[1] However, defendant's alternative argument concerning the de minimis nature of plaintiff's injury persuades the court to dismiss the conversion claim raised in Count II.

The doctrine of de minimis non curat lex, or "the law doesn't concern itself with trifles," Brandt v. Bd. of Educ. of City of Chi., 480 F.3d 460, 465 (7th Cir. 2007), is a "venerable maxim" that "is part of the established background of legal principles against which all enactments are adopted," Wis. Dep't of Revenue v. William Wrigley, Jr., Co., 505 U.S. 214, 231 (1992). As the court stated in Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc., 443 F. Supp. 2d 976 (N.D. Ill. 2006), "the ancient maxim 'de minimis non curat lex' might well have been coined" for the occasion in which a conversion claim is brought based solely on the loss of paper and toner consumed during the generation of a one-page unsolicited fax advertisement. Id. at 980. This court agrees with that observation and finds that the de minimis doctrine is applicable in this case, given that plaintiff's actual damages (as set forth in its complaint) "are minuscule to the point of nonexistent." Brandt, 480 F.3d at 465; see also Kim v. Sussman, No. 03 CH 07663, 2004 WL 3135348, at *3 (Ill. Cir. Oct. 19, 2004) (noting that the actual damages from the conversion of the paper and toner necessary to print an unsolicited fax advertisement "are minuscule, i.e., pennies per

---

[1] In its complaint, plaintiff asserts that "Defendant also converted Plaintiff's employees' time to Defendant's own use." This is, of course, an improper consideration under the theory of conversion because a person's time is not a chattel over which plaintiff had the immediate and unconditional right to possess.

plaintiff"). As such, this court will not entertain plaintiff's trivial claim of conversion raised in Count II of its complaint.

This court recognizes that its conclusion differs from the approach taken in Centerline Equipment Corp. v. Banner Personnel Service, Inc., 545 F. Supp. 2d 768 (N.D. Ill. 2008), and the recent cases which have followed that court's analysis.[2] Although faced with "nearly identical" allegations, the Centerline court disagreed with Rossario's and declined to apply the de minimis doctrine to the plaintiff's conversion claim. Id. at 782. Instead, the Centerline court concluded that "Illinois law does not require application of the de minimis rule to class conversion claims founded upon very small individual losses, so long as those losses can plausibly be inferred to be substantial in the aggregate." Id. Respectfully, this court is drawn to a conclusion which differs from Centerline for two reasons.

First, although the Centerline court recognized that the claimed loss of one sheet of paper might be "niggling," it nevertheless found that the plaintiff stated a claim for conversion because "a class claim could be more substantial, and class treatment is regularly afforded in cases where no individual plaintiff has suffered any great loss." Id. However, this aggregate-harm approach conflicts with the general rule that a plaintiff must first have a valid cause of action in his own right before he can proceed to represent a class. See, e.g., Chambers v. Am. Trans Air, Inc., 17 F.3d 998, 1006 (7th Cir. 1994); W. Ry. Devices Corp. v. Lusida Rubber Prods., Inc., No. 06 C 0052, 2006 WL 1697119, at *6 (N.D. Ill. June 13, 2006) ("[W]here a putative class representative has no valid claim

---

[2] See, e.g., Sadowski v. Med1 Online, LLC, No. 07 C 2973, 2008 WL 2224892 (N.D. Ill. May 27, 2008); Pollack v. Cunningham Fin. Group, LLC, No. 08 C 1405, 2008 WL 4874195 (N.D. Ill. June 2, 2008); R. Rudnick & Co. v. G.F. Prot., Inc., No. 08 C 1856, 2009 WL 112380 (N.D. Ill. Jan. 15, 2009); G.M. Sign, Inc. v. MFG.com, Inc., No. 08 C 7106, 2009 WL 1137751 (N.D. Ill. Apr. 24, 2009).

4

in his own right, he cannot bring such a claim on behalf of a putative class."). Cumulative allegations of a putative class in a complaint cannot be used to prop up an otherwise trivial claim that is unable to stand on its own.

Second, the Centerline analysis appears to conflate the concept of nominal damages with the doctrine of de minimis non curat lex when it states: "the [de minimis] maxim may not apply at all, as Illinois courts have permitted conversion claims to be brought for only nominal damages." 545 F. Supp. 2d at 782 (citing Ill. Educ. Ass'n v. Ill. Fed'n of Teachers, 107 Ill. App. 3d 686, 689 (1982)).³ The Centerline court goes on to conclude that "[i]f Illinois courts recognize conversion claims where there are no damages at all, they might well also recognize actions for very small damages." Id. In this court's view, however, the propriety of awarding nominal damages for a conversion claim in a particular case does not render the de minimis doctrine inapplicable to conversion cases, as these are two separate and distinct concepts.

An award of nominal damages "presupposes a violation of sufficient gravity to merit a judgment, even if significant damages cannot be proved." Brandt, 480 F.3d at 465. Thus, for example, nominal damages might be appropriate in a case in which the defendant converts plaintiff's valuable antique coin collection but then, during the pendency of the lawsuit, returns the coins to plaintiff unharmed. In this example, at the time the complaint was filed, the conversion of the coins had caused a significant injury, thus warranting a judgment against the defendant. However, if the

---

³ The Centerline court's reliance on Illinois Education Association v. Illinois Federation of Teachers, 107 Ill. App. 3d 686 (1982), is somewhat tenuous. In that case, the court stated that "[a]n action for conversion will lie even though the defendant has returned the property," and that "in such a situation only nominal damages are recoverable." Id. at 689. However, the court's only authority for this proposition was an Illinois decision from 1874 and, in any event, this conclusion was dicta. Id. Nevertheless, for purposes of this motion, the court will assume that nominal damages are sometimes appropriate in an action for conversion.

5

plaintiff is unable to prove any damages resulting from the temporary loss of use of his coin collection, only nominal damages would be awarded. See also Standard Car Truck Co. v. Consolequip, Inc., No. 00 C 5952, 2001 WL 1665221, at *2 & n.1 (N.D. Ill. Dec. 27, 2001) (noting that only nominal damages would be appropriate for the conversion of over 1,800 "drawings and specifications" that had been returned to the plaintiff).

In contrast, a claim barred by the de minimis doctrine concerns a different category of claims in which the plaintiff has suffered no more than negligible damages from the beginning. See, e.g., Purtell v. Mason, 527 F.3d 615, 627 (7th Cir. 2008) (concluding that a "trivial lawsuit" stemming from a "petty neighborhood dispute" over freedom of speech did not warrant an award of even nominal damages based on application of the de minimis doctrine). For example, if the defendant takes the plaintiff's inexpensive ball point pen and a notebook without his permission, uses the pen and one sheet of paper from the notebook to write a short letter, and then immediately returns the remainder of the plaintiff's supplies to him, the de minimis doctrine would be implicated. Technically, plaintiff still would have a claim for conversion based on the loss of the ink from the pen and the missing sheet of paper that was used to write the letter. However, this claim would be so insignificant or trifling that the de minimis doctrine would bar the plaintiff from proceeding on such a claim.

A review of Illinois Education also is illustrative of this distinction. In Illinois Education, the plaintiffs claimed that the defendants had converted $1,378.50 in membership dues. 107 Ill. App. 3d at 688. That is a significant amount of money and, if the allegations were proven, it would have been "a violation of sufficient gravity to merit a judgment." Brandt, 480 F.3d at 465. Despite the seriousness of the alleged conduct, however, the funds apparently had been returned, such that

6

no actual damage had been suffered. Ill. Educ., 107 Ill. App. 3d at 689. Thus, the conversion at issue in Illinois Education fell within the first category of conversion claims discussed above in which nominal damages are warranted. As a result, the Illinois Education court had no occasion to discuss the second category of conversion claims – those claims that are de minimis or trifling at their inception. The instant case, however, falls within this second category of claims. Therefore, the principle that a claim of sufficient gravity may be entitled to nominal damages, as stated in Illinois Education, does not provide support for the Centerline court's conclusion that the de minimis doctrine is not applicable to conversion claims. Because plaintiff's claim for conversion of paper and toner was insufficient at its inception to merit a judgment, the de minimis doctrine applies in this case, and no amount of damages, nominal or otherwise, would be appropriate.

Based on the above reasons, the court concludes that the de minimis nature of plaintiff's conversion claim warrants a dismissal of Count II of the complaint.

*B. Count III – Illinois Consumer Fraud Act*

Defendant also argues in its motion to dismiss that plaintiff's ICFA claim should be dismissed because, among other things, it fails to allege an unfair practice.[4] In determining whether a practice is unfair in violation of the ICFA, Illinois courts consider: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." Robinson v. Toyota Motor Credit Corp., 201 Ill. 2d 403, 417-18 (2002). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Id. at 418 (quotation marks omitted).

---

[4] Because defendant's unfair-practice argument is dispositive, the court need not discuss, and expresses no opinion on, defendant's alternative arguments that plaintiff failed to allege the requisite intent or that the conduct did not occur primarily and substantially in Illinois.

7

As to the first factor, there is little dispute that the alleged practice of sending unsolicited fax advertisement offends public policy. See, e.g., Centerline, 545 F. Supp. 2d at 780; Lusida, 2006 WL 1697119, at *4. Accordingly, this factor is met and supports plaintiff's claim.

The second and third Robinson factors have not garnered similar agreement among the courts in this district. Under the second factor, "[a] practice may be considered immoral, unethical, oppressive, or unscrupulous if it imposes a lack of meaningful choice or an unreasonable burden on the consumer." Lusida, 2006 WL 1697119, at *5; see also Saunders v. Mich. Ave. Nat'l Bank, 278 Ill. App. 3d 307, 313 (1996) (stating that the defendant's conduct must "be so oppressive as to leave the consumer with little alternative but to submit"). Unfortunately, that definition cuts both ways in this case. As some courts have found, and this court tends to agree, sending an unsolicited fax advertisement deprives consumers of a meaningful choice because "they cannot avoid such faxes without turning off their fax machines." Centerline, 545 F. Supp. 2d at 780; see also Sadowski v. Med1 Online, LLC, No. 07 C 2973, 2008 WL 2224892, at *7 (N.D. Ill. May 27, 2008) ("Even if a recipient of an unsolicited fax can later remove himself from the possibility of receiving future faxes, this does nothing to compensate the recipient for the injury that has already resulted from the receipt of the fax in the first place.").[5] At the same time, however, other courts have found that the conduct is not oppressive because the burden imposed "can hardly be characterized as unreasonable." Lusida, 2006 WL 1697119, at *5; see also Rossario's, 443 F. Supp. 2d at 979

---

[5] The court in Sadowski specifically rejected the position taken in Lusida that the inclusion of a removal number on the unauthorized fax demonstrates that the recipient has a choice. Compare Sadowski, 2008 WL 2224892, at *7, with Lusida, 2006 WL 1697119, at *5. Although the fax at issue in the instant case includes a removal number, the court agrees with the Sadowski analysis that the ability to prevent future faxes does not equal a meaningful choice with respect to receipt of the initial fax.

8

(discussing the "patent inapplicability" of the second Robinson factor). In this court's view, the conclusions in Lusida and Rossario's are more in line with the ordinary meaning of the terms immoral, unethical, oppressive, and unscrupulous. The improper use of one piece of paper, a small amount of toner, and a few seconds of an employee's time is not oppressive conduct, nor does it fit within the definitions of any of the other terms. Rather, sending an unsolicited fax is more akin to taking someone else's pen and notebook without their permission and writing some notes on one sheet of paper. Even though the owner of the supplies did not have a choice in the matter, and even though the improper use depletes a small amount of ink and one piece of notebook paper, this court would be hard pressed to conclude that this conduct is immoral, unethical, oppressive, or unscrupulous. Accordingly, this court concludes that the second Robinson factor does not support plaintiff's claim.

Likewise, an analysis of the third Robinson factor demonstrates that plaintiff's ICFA claim lacks merit. The inquiry under the third factor is whether the alleged conduct "causes substantial injury to consumers." Robinson, 201 Ill. 2d at 418. "'A practice causes substantial injury to consumers if it causes <u>significant</u> harm to the plaintiff and has the potential to cause injury to a large number of consumers.'" Wilson v. Harris N.A., No. 06 C 5840, 2007 WL 2608521, at *8 (N.D. Ill. Sept. 4, 2007) (emphasis added) (quoting Garrett v. RentGrow, Inc., No. 04 C 8309, 2005 WL 1563162, at *4 (N.D. Ill. July 1, 2005)); see also Lusida, 2006 WL 1697119, at *6 (citing Garrett for the same proposition). Under this approach, "[t]he cost of receiving and printing a single page facsimile advertisement cannot be characterized as 'significant harm.'" Lusida, 2006 WL 1697119, at *6.

Moreover, even if this court were to assume that the aggregate harm to the class as a whole could be considered under the third Robinson factor, the complaint still would fail to plausibly suggest a substantial injury. In Count III of the complaint, plaintiff alleges that the proposed class "consists of thousands of persons in Illinois and throughout the United States." Assuming that plaintiff has a good-faith basis for making such an allegation,[6] a thousand people suffering damage in the amount of a couple of pennies, see Kim, 2004 WL 3135348, at *3, only amounts to an aggregate harm of $20.[7] The class would have to consist of 5,000 people before the alleged harm plausibly reaches even $100, although there is no indication that the class would be so large. Nevertheless, even though neither the number of potential class members nor the actual amount of damages is known at this time, this court finds that any allegation of a substantial injury in plaintiff's ICFA claim is not plausible. See Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949-50 (2009).

In sum, a review of the Robinson factors reveals that plaintiff's claim under the ICFA fails to properly allege an unfair practice. Accordingly, the court concludes that Count III of plaintiff's complaint also should be dismissed.

---

[6] The allegation, made "[o]n information and belief," that the class consists of thousands of people is particularly odd considering that earlier in the complaint, and adopted by reference into Count III, plaintiff alleged that the class consists of "forty or more persons." While technically these two allegations are not inconsistent, the court questions whether the latter is anything more than a "naked assertion devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (alteration and quotation marks omitted).

[7] This calculation assumes a loss of $0.02 per page for each unauthorized fax advertisement. In this court's view, the estimate of two cents per page may be too generous, given the ordinary cost of paper and toner, especially if the paper is purchased in bulk (i.e. a case as opposed to a single ream). Thus, the true aggregate amount of harm may be even lower than noted above.

## III.  CONCLUSION

Based on the foregoing, the court grants defendant's motion to dismiss Counts II and III of plaintiff's complaint.  In doing so, the court wishes to emphasize that this ruling does not mean that plaintiff is completely barred from recovering based on defendant's alleged unlawful conduct. Plaintiff's claim under the TCPA in Count I remains pending, and plaintiff may be able to recover under that statute, which is specifically designed to address the alleged conduct.

Date: July 8, 2009                                                        ENTER:

                                                                          _____
                                                                          FREDERICK J. KAPALA
                                                                          District Judge