IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STONECRAFTERS, INC., an Illinois corporation, individually and as the representative of a class of similarly situated persons,<br><br>                Plaintiff,<br>    vs.<br><br>FOXFIRE PRINTING AND PACKAGING, INC.,<br><br>                Defendant. | Case No. 08 C 06992<br><br>Magistrate Judge<br>P. Michael Mahoney |

## **MEMORANDUM OPINION AND ORDER**

Before the court are Defendant's two motions for sanctions under Rule 30(g). The first motion ("Def. First Mot.") seeks $1012.77 in attorneys' fees and costs related to the parties' first failed attempt to take the deposition of a representative of a third party, FAXTS, Inc. ("FAXTS"). The second motion ("Def. Second Mot.") seeks $4088.42 in attorneys' fees and costs related to the parties' second failed attempt to take the deposition of FAXTS's representative.

The first failed attempt to take the deposition of FAXTS occurred on September 18, 2009. Two depositions were scheduled that day: one of a representative of FaxVantage and a second of a representative of FAXTS. (Def. First Mot. ¶ 3.) On or around September 18, Defendant's counsel, Ms. Potempa, flew to Los Angeles for the depositions. (*Id.*) Ms. Potempa expected to first take the deposition of FaxVantage, and then to take the deposition of FAXTS. (*Id.*) She expected the depositions to last through the afternoon of September 18, and

1

accordingly, she booked a flight scheduled to leave Los Angeles on September 19. (Potempa Aff. ¶ 5.) In an email sent on September 14, Defendant's counsel requested the subpoenas for the depositions. (Def. First Mot. Ex. A.) Plaintiff's counsel, Mr. Kelly, responded that the depositions were "by agreement." (*Id*.)

At a break in the FaxVantage deposition around 11:45 A.M., Mr. Kelly informed Ms. Potempa that the FAXTS deposition would not go forward that afternoon because he had not received some documents from FAXTS. (*Id*. ¶ 5.) Ms. Potempa had to stay and finish the FaxVantage deposition, and she was unable to check out of her hotel early or otherwise alter her travel plans. (*Id*. ¶ 6.) She flew out of Los Angeles as originally planned the following day. (*Id*. ¶ 6.)

In response to the nonoccurrence of FAXTS' deposition, Defendant filed its first motion pursuant to Rule 30(g)(2) on September 29, 2009 seeking recovery of fees and costs equal to $1012.77. Ms. Potempa stated in her affidavit that she billed Defendant $703 "for [her] preparation and time allotted for the taking of the [first] FAXTS deposition." (*Id*. ¶ 3.) That figure includes $152 charged for the .9 hours of time spent preparing. (Def. Second Reply 4.) Defendant also "incurred $309.77 in travel costs associated with the cancellation of the [first] FAXTS deposition[,]" including $261.06 for an extra night in the hotel room, $18.16 for an extra day with a rental car, and $30.55 in food. (Potempa Aff. ¶¶ 4, 6.) Defendant argues that it is entitled to recover these travel costs because Ms. Potempa was not informed of the cancellation of FAXTS' deposition until is was too late for her to alter her travel plans and leave on September 18 after the FaxVantage deposition. She was thus forced to stay in California until September 19. (*Id*. ¶ 6.)

FAXTS' deposition was rescheduled for October 9, 2009 at 2:45 P.M. (Def. Second Mot. ¶ 1.) Mr. Kelly indicated in an email that he expected the deposition to last less than an hour. (*Id*. at Ex. A.) Defense counsel, Ms. Milnichuk, flew to Los Angeles that morning for the deposition. (*Id*. ¶ 3.) She, the court reporter, FAXTS' designated deponent, and FAXTS' counsel were present at 2:45 P.M. (*Id*. ¶ 4.)

Apparently, Mr. Kelly's flight to Los Angeles was delayed, the lines at the car rental agency were longer than expected, and traffic was gridlocked on the interstate between the airport and the place of the deposition. (Pls.' Resp. ¶ 2.) He called around 2:50 P.M. to let everyone know that he was running late. (Milnichuk Aff. ¶ 6.) At that time, FAXTS' counsel informed Mr. Kelly that he had to leave at 3:40 P.M. (*Id*.) Another 30 minutes passed during which Mr. Kelly remained in traffic. (*Id*. ¶ 7.) It was decided that the deposition would have to be rescheduled. (*Id*. ¶¶ 7–8.)

Defendant filed its second motion pursuant to Rule 30(g)(1) on October 21, 2009 seeking recovery of $4088.42. (Def. Second Mot. ¶ 11.) Ms. Milnichuk's affidavit reflects that she billed Defendant $304 for her "preparation and time allotted for the taking of the deposition[.]" (Milnichuk Aff. ¶ 3.) Ms. Milnichuk also represented that Defendant incurred $1200.42 in travel expenses and $2584 in fees charged for travel time associated with the second deposition. (*Id*. ¶ 4.) Unfortunately, neither of Defendant's motions include itemized time sheets. Also, Defendant's motions and the accompanying affidavits do not indicate whether Defendant actually paid the bills that Ms. Milnichuk and Ms. Potempa submitted.

Rule 30(g) provides the following:

A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the

3

> noticing party failed to: (1) attend and proceed with the deposition; or (2) serve a subpoena on a nonparty deponent, who consequently did not attend.

*Fed R. Civ. P.* 30(g)(1). In deciding whether to award sanctions under Rule 30(g), "the court should consider all the circumstances, such as whether the failure was inadvertent or in bad faith." *Barrett v. Brian Bemis Auto World, et al.*, 230 F.R.D. 535, 537 (N.D. Ill. 2005) (Mahoney, M.J.).

Regarding Defendant's first motion for attorneys' fees, it appears true that Mr. Kelly failed to have a subpoena issued commanding FAXTS to produce the documents needed for the first deposition. Because of this failure, the FAXTS deposition was cancelled. Under some circumstances, sanctions under Rule 30(g)(2) would be appropriate.

However, in this case, Ms. Potempa was already in California conducting the FaxVantage deposition as scheduled. The FaxVantage deposition lasted well into the afternoon. The FAXTS deposition was predicted to be relatively short. Cancelling it should not have substantially changed Ms. Potempa's schedule on September 18. She was probably going to have to spend the night of September 18 in California whether the FAXTS deposition went through or not. Defendant has not made a sufficient showing that Ms. Potempa would have left California that night.

The court is unsure why Ms. Potempa billed Defendant $703 "for [her] preparation and time allotted for the taking of the [first] FAXTS deposition." (Potempa Aff. ¶ 3.) Defendant's reply in support of its second motion states that Ms. Potempa spent 0.9 hours preparing for the deposition, and charged $152 for that time. (Def. Second Reply 4.) That means that Ms. Potempa charged $551 for the time she allotted for the taking of the deposition. However, Ms. Potempa found out during the FaxVantage deposition that the FAXTS deposition was not going

4

to proceed.  She could have used the time allotted for the FAXTS deposition for something else.

Defendant also cannot recover $152 for Ms. Potempa's time spent preparing.  Time spent preparing is not time lost.  *See Barrett*, 230 F.R.D. at 537.  That preparation can be used for the third attempt at FAXTS' deposition.  Therefore, Defendant's first motion for fees under Rule 30(g)(2) is denied.

Defendant's second motion is a different story.  For this deposition attempt, Ms. Milnichuk flew to California for the sole purpose of taking FAXTS' deposition.  (Def. Second Mot. ¶ 3.)  She waited at the place in which the deposition was scheduled to occur.  (Milnichuk Aff. ¶¶ 5–7.)  The deposition was then cancelled because Mr. Kelly was late, and Ms. Milnichuk flew back.  (*Id.* ¶ 7.)  Under these circumstances, recovery of expenses, including attorneys' fees, is appropriate under Rule 30(g)(1).

Ms. Milnichuk's affidavit states that Defendant incurred $1200.42 in travel expenses and $2584 in fees for travel time associated with the second deposition.  (Milnichuk Aff. ¶ 4.)  These expenses appear reasonable.

Ms. Milnichuk's affidavit also reflects that she billed Defendant $304 for her "preparation and time allotted for the taking of the deposition[.]"  (*Id.* ¶ 3.)  As stated above, time spent preparing for the deposition is not time lost.  The value of that time spent will hold for the next attempt at the deposition.

Ms. Milnichuk did not break down what time was spent "preparing" and what time was "allotted for the taking of the deposition."  Ms. Potempa spent 0.9 hours preparing, for which she billed $152.  It is reasonable to assume that Ms. Milnichuk spent the same amount of time preparing as did Ms. Potempa, and charged for that time the same amount.  Thus, Defendant can

only recover the amount that Ms. Milnichuk charged for the time she allotted for the deposition, which is the balance of $152.

The use of two different attorneys for the two different attempts does not affect the court's decision. Defense counsel and Defendant made the choice to send a second attorney to the second deposition, thereby risking that the preparation time spent by one of the attorneys would be wasted.

The court grants Defendant's second motion as follows: $1200.42 for travel costs, $2584 for fees associated with travel time, and $152 for the time spent waiting at the place in which the second attempt was scheduled to occur. The court awards a grand total of $3936.42 to be paid within a reasonable time.

E N T E R:

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

**DATE**: November 23, 2009