UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| AMERICANA ART CHINA COMPANY, INC., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08 CV 6992 |
| v. | ) ) | |
| FOXFIRE PRINTING AND PACKAGING, INC., | ) ) ) | Judge Frederick J. Kapala |
| Defendant. | ) ) | |
| v. | ) ) | |
| CONTINENTAL CASUALTY COMPANY, | ) ) ) | |
| Intervenor. | ) ) | |

PLAINTIFF'S AMENDED MOTION
FOR AWARD OF ATTORNEY'S FEES AND EXPENSES

As directed by the Court's May 21, 2013 Order, Plaintiff, Americana Art China Co., Inc. ("Plaintiff"), hereby moves the Court for an award of attorney's fees and expenses. In support of its motion, Plaintiff states as follows:

1. Class Counsel have requested attorney's fees of one-third of the Initial Settlement Fund, or $2,033,333.33. Doc. 228. As discussed in the Memorandum in Support of Final Approval, this method of awarding attorney's fees—as a function of the sum made available to the class members with a simple claim form requiring merely that they identify themselves, regardless of the total amount actually claimed—is well-supported in United States Supreme Court and other court precedent. In particular, the Seventh Circuit has repeatedly stressed that fees for

1

class counsel should be viewed in light of the reasonableness of the bargain *ex ante*, taking into account the risk of nonpayment, rather than in light of actual results. *See, e.g., Williams v. Rohm and Haas Pension Plan*, 658 F.3d 629, 635-36 (7th Cir. 2011); *Sutton v. Bernard*, 504 F.3d 688 (7th Cir. 2007); *Taubenfeld v. AON Corp.*, 415 F.3d 597, 598 (7th Cir. 2005); *In re Synthroid Mktg. Litig.,* 264 F.3d 712, 718 (7th Cir. 2001). These cases hold that the key consideration is the market rate in similar cases. As discussed in the Memorandum in Support of Final Approval, the one-third fee is the market rate in similar cases.

      2.      The percentage-of-the-fund approach to attorneys fees makes sense for TCPA claims. Attorneys fees are not separately recoverable under the TCPA and must be paid either from the contingent recovery of $500 per violation (which can be increased up to $1,500 for knowing or willful violations), or paid on an hourly basis as the case progresses. 47 U.S.C. 227 (b) (3). The Supreme Court has held (as the Seventh Circuit held years earlier) that federal courts have original jurisdiction over TCPA claims. *Mims v. Arrow Financial Services LLC*, 132 S.Ct. 740 (2012) (discussing the cases pending in the Seventh Circuit and noting that "All 65 cases were class actions, not individual cases removed from small-claims court. There were also 26 private TCPA claims brought initially in federal district courts; of those, 24 were class actions.") Corporations (like Plaintiffs here) can appear in federal court only through licensed attorneys and cannot litigate TCPA claims *pro se*. Therefore, they must find an attorney willing to work on a contingency basis or be willing to pay an attorney's hourly rates on an ongoing basis to pursue the claims. We know of no attorney who handles TCPA claims on an hourly basis or on

2

an individual basis.

3. In its May 21 Order, the Court denied Plaintiff's request and held that: (1) the lodestar method of awarding attorney's fees was more appropriate in this case; (2) the lodestar amount submitted by Plaintiff's counsel—inclusive of hours worked and hourly rates—was reasonable; (3) a risk multiplier of 1.5 was warranted based on the relatively low level of proof needed to prevail on the merits of the TCPA claims; (4) thus, the Court would approve an award of $1,147,698.70; and (5) the Court is unsure about whether it can unilaterally change the amount of attorney's fees without the consent of the parties.

3. Plaintiff continues to believe that its initial request is justified under the facts of this case and the applicable law for the reasons previously stated. It believes, however, that the Court *does* have the power to award a fee lower than that contemplated by the settlement agreement, identified in the Class Notice, and requested by Plaintiff. The settlement is not contingent upon the Court's approval of the requested fees. Such a decision by the Court is separately appealable by Class Counsel, as occurred in *Sutton*.

4. As such, to the extent the Court seeks Plaintiff's consent for the Court to depart from the requested fee award, without waiving any arguments on appeal, Plaintiff agrees that the Court may impose a lower fee within the bounds of discretion as defined by applicable case law without the parties' consent and without terminating the settlement. Plaintiff further agrees that awarding Class Counsel a lower fee from the Initial Settlement Fund will not disrupt the parties' settlement or in any way impair the rights of the class members to receive their

compensation under the settlement agreement or any of the other parties to the agreement to receive the benefits of the agreement. To the extent necessary, Plaintiff further consents to Foxfire's motion to consider the fee question separately from the approval of the settlement.

5. Rather, Class Counsel understands that should the Court approve the settlement but award only $1,147,698.70, the parties would perform the terms of the settlement, including the payment by Continental of the fees approved by the Court, and Class Counsel would have the option of filing a notice of appeal solely regarding the fee award, which, if successful, would result in a supplemental payment.

6. Thus, without waiving any arguments for a potential appeal, Plaintiff respectfully requests that the Court award as attorney's fees the maximum amount the Court finds to be reasonable and awardable under the case law and the facts, up to $2,033,333.33. Without waiving any rights to appeal, Plaintiff specifically consents to the Court doing so.

7. Further, to the extent the Court believes that the lodestar method is be the appropriate one in this case, contrary to the position taken by Plaintiff, then Plaintiff respectfully suggests that a multiplier of 2 would be more appropriate given that (1) the Court had denied two motions for class certification (Dkt. 97 and 114) and thus securing a class judgment was not a simple matter; and (2) there is no dispute that Foxfire could not satisfy a class judgment and therefore the class recovery was dependent not only on securing a judgment on the TCPA claims but in winning an insurance coverage action against one or both of Foxfire's insurers—

something the Court itself held to be an uncertain prospect in granting Continental's motion to stay the prior Americana-Foxfire settlement (Dkt. 186). These perils speak to the risks of nonpayment Class Counsel assumed in taking on this case on a contingency basis. They also speak to the value of the class settlement obtained in light of those risks and, to the extent a lodestar analysis is justified, they should justify a higher multiplier.

8. Finally, Plaintiff acknowledges that it inadvertently omitted the Anderson + Wanca expense records in its prior *in camera* submission to the Court. Plaintiff apologizes and states that these records are being submitted for the Court's *in camera* evaluation.

WHEREFORE, Plaintiff respectfully requests that the Court grant final approval of the class settlement, award counsel its reasonable fees and expenses, and award such further relief as the Court deems necessary.

Dated: June 10, 2013.                                             Respectfully submitted,


By: /s/ David M. Oppenheim
Counsel for Plaintiff

Brian J. Wanca                                      Phillip A. Bock
David M. Oppenheim                          Tod A. Lewis
Ryan M. Kelly                                      James M. Smith
ANDERSON + WANCA                      BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760       134 N. La Salle Street, Suite 1000
Rolling Meadows, IL 60008              Chicago, IL 60602
Telephone: 847/368-1500                  Telephone: 312/658-5500

## CERTIFICATE OF SERVICE

6

      I HEREBY CERTIFY THAT ON June 10, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                                                         s/ David M. Oppenheim