Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6992 | **DATE** | 6/19/2013 |
| **CASE TITLE** | Stonecrafters, Inc. vs. Foxfire Printing and Packaging, Inc. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion for severance of fee determination and for final approval of class settlement [232] is granted. Plaintiff's motion for attorney fees and expenses [236] is granted in part. Presentment of these motions is canceled. The clerk is directed to enter the Final Approval Order and Judgment.

■[ For further details see text below.]

Docketing to mail notices.

---

    This case comes before the court for final approval of a class action settlement between plaintiff, Americana Art China Company, Inc.; defendant, Foxfire Printing and Packaging, Inc.; and intervenor, Continental Casualty Company. Following the fairness hearing, the court entered an order on May 21, 2013, denying without prejudice plaintiff's motion for attorney's fees and expenses and reserving ruling on the fairness of the class settlement. Currently before the court is defendant's motion for severance of the fee determination and final approval of the class settlement, as well as plaintiff's amended motion for an award of attorney's fees and expenses.

    In the May 21, 2013 order, this court found, among other things, that a total fee award to class counsel of $1,147,698.70 would be reasonable based on the court's discretionary decision to apply the lodestar method rather than the percentage of the fund method. Because this amount was lower than the $2,033,333.33 award of attorney's fees contemplated by the parties in their settlement agreement, (see Settlement Agreement ¶ 14), and because it appeared that the parties could have the right to set aside or rescind the settlement agreement based on the court's unilateral modification of this term, (see id. ¶ 28(c)), the court did not believe that it could approve the settlement agreement without the consent of the parties. In its motion for severance, defendant asserts that the effectiveness of the settlement agreement is not contingent on the court approving class counsel's request for attorney's fees in full. Both plaintiff and Continental have filed responses to defendant's motion for severance in which they agree with this assessment. Accordingly, the court grants defendant's unopposed motion for severance and will consider the fairness of the settlement agreement independent of the court's determination of class counsel's request for attorney's fees.

    Under Rule 23(e)(2) of the Federal Rules of Civil Procedure, a court may approve a settlement in class action litigation only if it finds, after a hearing, that the settlement is "fair, reasonable, and adequate." In evaluating the fairness of a settlement, the court must consider: (1) the strength of plaintiffs' case compared to the amount of defendants' settlement offer; (2) an assessment of the likely complexity, length, and expense of the litigation; (3) an evaluation of the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed at the time

of settlement. Synfuel Tech., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 653 (7th Cir. 2006) (citing Isby v. Bayh, 75 F.3d 1191, 1199 (7th Cir. 1996)). After carefully analyzing each factor and upon consideration of the documents submitted to the court and oral argument at the fairness hearing, the court finds that, with the exception of the attorney's fees award, the class settlement agreement and the terms contained therein are hereby approved as fair, reasonable, and adequate. The court further finds that the class settlement agreement is in the best interest of the class as a whole and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process. Therefore, defendant's motion to approve the proposed settlement is granted.

As for attorney's fees, the court incorporates herein the reasoning set forth in the May 21, 2013 order and finds that an award of $1,147,698.70 is fair and reasonable in this case based on the lodestar method. The court also stands by its determination that a risk multiplier of 1.5 is appropriate in this case, and rejects class counsel's argument in their amended motion for attorney's fees that a multiplier of 2 should be used. The court already considered the unique circumstances and history of this case in deciding the risk involved, including the fact that two previous motions for class certification were denied and that class recovery required, and continues to require, an agreement or determination of insurance coverage. The court also reviewed pertinent Seventh Circuit authority for guidance on the proper risk multiplier to apply, whereas counsel have failed to present the court with any contradictory authority in support of their request for a multiplier of 2. Therefore, the court maintains its position that a risk multiplier of 1.5 is appropriate and finds that a total award of attorney's fees in the amount of $1,147,698.70 is fair, reasonable, and is hereby approved.

As a final matter, the court has reviewed counsel's additional submission regarding its request for expenses and is satisfied that counsel has properly documented their request for expenses in the amount of $104,197.95. Accordingly, the court approves an award of $104,197.95 to class counsel for expenses.

The court has modified the parties' proposed final order of approval and directs the clerk to enter the Final Approval Order and Judgment in conjunction with this order.