UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| AMERICANA ART CHINA COMPANY, INC., INDIVIDUALLY AND AS THE REPRESENTATIVE OF A CLASS OF SIMILARLY-SITUATED PERSONS, <br><br> PLAINTIFF, <br> V. <br><br> FOXFIRE PRINTING AND PACKAGING, INC., <br><br> DEFENDANT. <br> V. <br><br> CONTINENTAL CASUALTY COMPANY, <br><br> INTERVENOR. | Case No.: 08 CV 6992 <br><br> Judge Frederick J. Kapala |

FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, Plaintiff (on behalf of itself and the Class), Defendant, and Intervenor Continental Casualty Company ("Continental") filed an executed Settlement Agreement (the "Agreement") with the Court on January 18, 2013;

WHEREAS, the Court, on January 10, 2013, entered an Order Preliminarily Approving the Class Action Settlement and Approving the Class Action Settlement Notice (the "Preliminary Approval Order"), and directed that the Notice of Proposed Settlement be distributed to Class Members, and scheduled a hearing to be held on May 9, 2013, to determine whether the Settlement should be approved as fair, reasonable, and adequate;

WHEREAS, Plaintiff has demonstrated to the Court that such Notice of

Proposed Settlement was distributed in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Notice of Proposed Settlement disseminated to the Class Members, a hearing was held on May 9, 2013, at which all interested persons were given an opportunity to be heard;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Agreement, including statements in open court, finds and concludes as follows:

1. The Complaint in this action alleged that Defendant faxed unsolicited advertisements to Plaintiff and the other members of a putative class. The Complaint alleged that Defendant's practice violated federal law and caused damages to Plaintiff and the other members of a putative class.

2. On January 10, 2013, the Court certified the following Class for settlement purposes only:

> All persons to whom Foxfire or its agents, including but not limited to WestFax, Inc., and FAXTS, Inc., sent facsimiles advertising Foxfire's products or services during the period February 15, 2008 through November 6, 2008 (the "Class").

The Court hereby affirms this definition of the Class for purposes of this Final Judgment.

3. The Court certified the Class as defined above after finding that the requirements of Federal Rule of Civil Procedure Rule 23 were met, because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only

individual members; (3) the claims or defenses of Plaintiff are typical of the claims or defenses of the Class; (4) Plaintiff and its attorneys fairly and adequately protect the interests of the Class; (5) common questions of law or fact predominate over individual questions; and (6) a class action is the superior method for adjudicating the claims.

4. Plaintiff, Defendant, and Continental executed the Agreement and filed it with the Court. The Agreement provides for the settlement of this action on behalf of Plaintiff and the Class, subject to the Court's approval. The Court scheduled a hearing to consider approval of the Agreement and directed that notice of the Agreement and of this hearing be disseminated to the Class in accordance with the terms of the Preliminary Approval Order.

5. In accordance with the terms of both the Agreement and the Preliminary Approval Order, Plaintiff caused the Notice of Proposed Settlement to be disseminated, informing potential Class Members of the pendency of this Action, the terms of the settlement, and of their opportunity to request exclusion from the Class or to object to the terms of the settlement. Plaintiff's attorneys confirmed to the Court on May 9, 2013, that the dissemination of the Notice of Proposed Settlement had occurred in accordance with the Preliminary Approval Order.

6. The Court finds that the Notice of Proposed Settlement disseminated to the Class Members in accordance with the terms of the Preliminary Approval Order constituted the best notice practicable under the circumstances. The Affidavit confirming dissemination of the Notice of Proposed Settlement filed with this Court

3

demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice of Proposed Settlement was complied with, and that the best notice practicable under the circumstances was in fact given and constituted valid, due, and sufficient notice to Class Members.

7. Plaintiff, Defendant, and Continental have applied to the Court for final approval of the terms of the Agreement and for the entry of this Final Approval Order. Pursuant to the Notice of Proposed Settlement, and upon notice to all parties, a hearing was held before this Court on May 9, 2013, to determine whether the Court should approve the Agreement as a fair, reasonable, and adequate compromise of this litigation, and whether the Final Approval Order, without prejudice to the enforcement of the final judgment entered, should be entered.

8. The Court hereby finds that the Agreement is the result of good faith, arm's-length negotiations by the parties thereto. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

9. Additionally, based upon the evidence in the record and statements made in open court, the Court finds that:

    a. This settlement was made in reasonable anticipation of Foxfire's liability to Plaintiff in the Litigation;

    b. The settlement amount is fair and reasonable in view of Foxfire's potential liability to Plaintiff in the Litigation;

    c. The settlement was entered into in good faith by the Parties to

4

resolve Foxfire's potential liability to Plaintiff in the Litigation;

        d.    Foxfire directed that advertisements be faxed between February 15, 2008 and November 6, 2008, and Plaintiff has advised, on the basis of expert analysis, that 110,853 were successfully sent, which faxes are admitted as to Plaintiff and the Class to have been advertisements that were received and were sent without prior express permission or invitation and did not contain the opt out language required by 47 C.F.R. 64.1200;

        e.    By including opt-out language in its advertising faxes and honoring opt-out requests from fax recipients, Foxfire believed it was in compliance with applicable law because WestFax had represented that the latter would "provide its services only in strict compliance with applicable federal, state and local laws, rules and regulations," and Foxfire entrusted, and reasonably so, its fax broadcaster(s) with ensuring compliance with such statutory and regulatory requirements, if any, applicable to facsimile transmission of advertisements. Foxfire had no actual knowledge that its conduct was or would later be construed to be, in violation of any such statute or regulations; and

        f.    Based on Foxfire and Plaintiff's agreement, and the affidavit of John Ferretti presented to the Court, Foxfire did not willfully or knowingly violate the TCPA and therefore treble damages are inappropriate.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

    1.    The Court possesses jurisdiction over the subject matter of this Action, the Plaintiff, the Class members, Defendant, and Continental.

2. The Court finally certifies the following class:

> All persons to whom Foxfire or its agents, including but not limited to WestFax, Inc. and FAXTS, Inc., sent facsimiles advertising Foxfire's products or services during the period February 15, 2008 through November 6, 2008.

3. The Court appoints Plaintiff as the class representative and appoints Plaintiff's attorneys, Brian J. Wanca and David M. Oppenheim of Anderson + Wanca, and Phillip A. Bock and James M. Smith of Bock & Hatch, LLC, as class counsel.

4. It is hereby determined that the Notice of Proposed Class Action Settlement with Attached Claim Form, as disseminated to members of the Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to members of the Class, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by Plaintiff complied fully with the requirements of Due Process, under Federal Rule of Civil Procedure 23, and all other applicable laws.

5. The following five persons filed requests for exclusion from the Class, and are hereby excluded from the Class: (1) Smith LE Co., PO Box 766, Bryan, OH 43506; (2) Jarvis Products Corp., 33 Anderson Rd., Middletown, CT 06457; (3) Phillips Floor to Ceiling, 1052 E. Grand Ave., Suite F, Arroyo Grande, CA 93420; (4) Smith Flooring Inc., 1501 W US Highway 60, Mountain View, MO 65548; and (5) Pine Tree Woodshop, 15227 Dalby Rd., Whittington, IL 62897. All other Class

members are bound by this Final Judgment and by the Agreement and the settlement embodied therein, including the covenant not to execute provided for in the Agreement and in this Final Approval Order. No members of the Class submitted objections to the settlement.

6. All provisions and terms of the Agreement are hereby found to be fair, reasonable, and adequate as to the Class Members and Plaintiff, and all provisions and terms of the Agreement are hereby finally approved in all respects. This settlement was made in reasonable anticipation of Foxfire's liability to Plaintiff in the Litigation. The settlement amount is fair and reasonable in view of Foxfire's potential liability to Plaintiff in the Litigation. The settlement was entered into in good faith the Parties to resolve Foxfire's potential liability to Plaintiff in the Litigation.

7. The Court enters judgment on the Class Action Complaint against Defendant in the total amount of $18,000,000.

8. Continental and Foxfire have made available $6,100,000 to pay the class members who submit timely, valid, and approved claims, to pay the attorneys' fees and expenses approved by the Court, and to pay incentive awards to Plaintiff and Stonecrafters, Inc., for services rendered on behalf of the Class. In so doing, Continental has exhausted the insurance policy it issued to Defendant.

9. To the extent permitted by law, Foxfire has assigned to the Class (represented by Plaintiff and its attorneys) all of Foxfire's claims against Hartford for insurance coverage under the Hartford Policies for the Litigation, including any

7

rights to payment from Hartford. This assignment does not include claims for compensatory damages or punitive damages for bad faith which Defendant has or may have against Hartford, and for which Defendant may seek to recover sums other than the unpaid portion of the Judgment. The assignment also does not include claims for the costs of Defendant's defense, fees and expenses of this Litigation or any resulting coverage action. Sums recovered by Foxfire on its claims against Hartford may not be appropriated by Plaintiff to satisfy any unpaid portion of the Judgment.

10.     As agreed between the parties, after deducting from the Settlement Fund only the incentive fee awarded to Plaintiff and Stonecrafters, and the attorneys fees and expenses awarded to Class Counsel below, each member of the Class who submitted a timely, valid, and approved claim form will be mailed a check providing payment in the amount of $55.03 (the amount calculated by dividing $6,100,000 by the total number of faxes received) for each Foxfire advertisement they received during the period February 15, 2008 through November 6, 2008 at each fax number for which they verified ownership on the Claim Form. The Claims Administrator will calculate these payments using the analysis of Foxfire's transmission records prepared by Plaintiff's expert witness. Checks issued to the claiming members of the Class will be void 181 days after issuance. Any right to unclaimed funds from voided checks issued to claiming class members shall revert to Continental or Foxfire as separately agreed between them.

11.     If Plaintiff recovers all or part of the Judgment entered herein from

8

Hartford, then each Class member, including Plaintiff, who does not opt-out or exclude himself from the Settlement will be mailed a *pro rata* share of the amount recovered from Hartford (after deductions for fees and costs) in the form of a check void 181 days after issuance. On behalf of the Class, Class Counsel shall pursue recovery from Hartford and will receive attorney's fees of one-third plus litigation expenses from the recovered amount. Any remainder shall be disbursed only as approved by the Court.

## Awards of Incentive Fee and Attorneys Fees and Expenses

12. As agreed between the parties, the Court grants Class Counsel's request for an incentive award to Plaintiff in the amount of $15,000 and Stonecrafters in the amount of $15,000, finding that such payments are justified by their services on behalf of the Class. Continental shall pay these amounts in accordance with the terms of the Settlement Agreement.

13. In accordance with this court's order of May 21, 2013, the Court grants Class Counsel's request for attorney's fees in the amount of $1,147,698.70, as calculated and explained in detail in that order, finding the same to be fair and reasonable, plus out-of-pocket expenses in the amount of $104,197.95. Continental shall pay these amounts from the Settlement Fund in accordance with the terms of the Settlement Agreement. Additionally, the Court appoints Class Counsel to represent the Class in litigation seeking to recover the remaining eleven million, nine hundred thousand dollars of the Judgment from Foxfire's remaining insurer, Hartford.

### Injunctions and Covenant Not to Execute

14. On the Effective Date, any Class member who did not opt out will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant and/or any of its agents and assigns in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action and/or the settled claims as defined in the Agreement; and all such persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant and its agents and assigns, directors, officers, employees or representatives (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the settled claims.

15. Plaintiff and each Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendant not to execute on the Judgment against any non-insurance asset or property of Defendant, or any of its agents, assigns, directors, officers, employees or

10

representatives or legal representatives thereof, and have covenanted not to sue Defendant, or any of its agents, assigns, directors, officers, employees or representatives, but rather have agreed to pursue collection of the Judgment solely against Defendant's insurance policies and Defendant's insurers only. This provision does not release the Judgment against Defendant to be entered herein, nor does it release the asserted claims that are the basis for the entry of the Judgment or the right to enforce the Judgment in favor of the Plaintiff and the Class against Hartford except as expressly stated herein.

16. Effective only upon Continental's payment of the monies as described herein, the Class will release Continental from claims about or arising out of the Judgment. This provision shall not be construed to release any claims or rights against Foxfire or Hartford.

17. The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

18. The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order and the accompanying Final Judgment, the Court expressly retains continuing exclusive jurisdiction as to all matters relating to the

11

administration, consummation, enforcement, and interpretation of the Agreement, this Order, and the Final Judgment contained herein and any future recovery for the class against Hartford and the Hartford Policies.

19. This is a final and appealable order and there is no just reason to delay enforcement or appeal.

ENTER:

Dated:   June 19, 2013

_____
Judge Frederick J. Kapala

12